John A. Coppede, Esq. (5-2485)
Loyd E. Smith, Esq. (5-2509)
HICKEY & EVANS, LLP
1800 Carey Ave, Ste 700
PO Box 467
Cheyenne, WY 82003-0467
Ph: (307) 634-1525
Fx: (307) 638-7335
jcoppede@hickeyevans.com
lsmith@hickeyevans.com
*Attorneys for Defendant*
*Laramie County School District No. 1*

**EXHIBIT 31**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

GRACIE ANN FORTH,                         )
                                          )
    Plaintiff,                       )
                                          )
v.                                        )          Civil No. 20-CV-00053-ABJ
                                          )
LARAMIE COUNTY SCHOOL DISTRICT            )
No. 1 and John/Jane Does 1-10 in his/her  )
official capacity,                        )
                                          )
    Defendants.                      )

## DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1

COMES NOW the Defendant, Laramie County School District No. 1 (the "District"), by and through its attorneys, Hickey & Evans, LLP, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and hereby serves its answers to Plaintiffs' First Set of Interrogatories to Defendant Laramie County School District No. 1:

## GENERAL OBJECTION

The District objects to the definitions and instructions set forth in Plaintiff's First Set of Interrogatories to Defendant Laramie County School District No. 1 and states it will respond to this discovery in accordance with the Federal Rules of Civil Procedure. Nothing contained herein shall be deemed to constitute an assent to the terms, instructions, or definitions used in the First Interrogatories, or any assumptions contained in such Interrogatories. Subject to and without waiving the foregoing general objection the District responds to the First Set of Interrogatories to Defendant Laramie County School District No. 1 as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Identify each person, including their name, address, phone number, employer and title, who provided information related to these interrogatories or prepared or assisted in the preparation of the responses to these interrogatories and requests for production of documents and specify what information was provided by each person (do not identify anyone who simply typed or reproduced the responses).

**ANSWER:**  Defendant objects to this Interrogatory because it seeks information protected by the attorney/client and work product privileges.  This request requires Defendant "to reveal the identities of individuals who assisted them with their interrogatory responses [and] could easily reveal 'every person whom [Defendants or their agents] have contacted, interviewed or communicated with concerning [Plaintiffs'] allegations in this

case,' or even which persons plaintiffs believe to have the most relevant information." *Strauss v. Credit Lyonnais*, S.A., 242 F.R.D. 199, 232 (E.D.N.Y. 2007) (*quoting Morgan v. City of New York*, 2002 U.S. Dist. LEXIS 14465 (S.D.N.Y. 2002)). This type of interrogatory, which "seeks information regarding individuals who assisted [Defendants'] counsel with the preparation of their interrogatory responses…is protected work product" and courts have denied motions to compel seeking the identities of such individuals. *Id.* (*citing Seven Hanover Assocs., LLC v. Jones Lang LaSalle Americas, Inc.*, 2005 U.S. Dist. LEXIS 32016

S.D.N.Y. 2005); Morgan, 2002 U.S. Dist. LEXIS 14465; *Donson Stores v. American Bakeries Co.*, 1973 U.S. Dist. LEXIS 14209 (S.D.N.Y. 1973)).

John A. Coppede

**INTERROGATORY NO. 2**:   State whether LCSD # 1, or any person or entity on your behalf, conducted any formal or informal investigation into the relationship between Joe Meza and Gracie Forth and/or any of the events or incidents referred to in matters that are in the subject of Plaintiff's Complaint. If so, identify the person or entity that conducted the formal or informal investigation and describe in detail the investigation performed and the results thereof. Specifically, include the name, address, and telephone number of the person that conducted the investigation, the date or dates of the investigation, identify the individuals contacted for the investigation, the substance of all communications with the

3

individuals contacted for the investigation, the actions taken, the result of the investigation and any conclusions reached.

**ANSWER:**   The School District objects to this Interrogatory to the extent it seeks information protected by the attorney work product and/or the attorney/client privileges. Without waiving the objection, the School District states that it did not conduct an investigation into the relationship between Joe Meza and Gracie Forth and/or any of the events or incidents referred to or matters that are the subject of Plaintiff's Complaint because the School District became aware of the inappropriate relationship at or about the time Mr. Meza had been arrested in July 2017, when the matter already was being investigated by law enforcement. Based on law enforcement's investigation, the School District terminated Mr. Meza's employment on August 25, 2017. See August 25, 2017, Notice of Dismissal previously produced at Bates LCSD 00399 to 00400 and Affidavit of Probable Cause, previously produced at Bates LCSD 00403 to 00407.

John A. Coppede

**INTERROGATORY NO. 3:**   Please identify every person interviewed or questioned by LCSD # 1 in connection with claims made in this lawsuit, or from whom LCSD #1 has received information regarding the facts alleged in Plaintiff's Complaint, stating the date, place and substance of such communication and identifying all individuals present during any portion of the communication.

**NOTE:** This interrogatory is not seeking the divulgence of attorney-client communication.

**ANSWER:**   The School District objects to this Interrogatory to the extent it seeks information protected by the attorney work product and/or the attorney/client privileges. Without waiving the objection, please see the School District's Answer to Interrogatory No. 2, which is incorporated herein by this reference. In addition, see also September 25, 2018 excerpts of proceedings, previously produced at Bates LCSD 00350 to 00380.

John A. Coppede

**INTERROGATORY NO. 4:**   Please identify all individuals who held the following positions between January 1, 2012 – June 30, 2019, including the dates that the individual held the position.  If the individual is no longer employed in that position, please provide his/her address, phone number, employer and title:

a.  All Johnson Junior Principals.

b.  All Assistant/Associate Principals of Johnson Junior High.

c.  All Assistant Superintendent Human Resources.

d.  All Title IX coordinators.

e.  All Superintendents of Schools for LCSD #1.

ANSWER:

a.  All Johnson Junior High Principals
    John Balow         2008-2016
    Brian Cox          2016-present

b.  .All Assistant/Associate Principals of Johnson Jr. High*
    John Cunningham   2009-2015
    Tina Hunter       2012-2016
    Howard Wakkinen   2015-2018

5

James Whitehead     2016-present
Kristen Siegel     2018-2020
*Summer School 2015 – location at Johnson Jr. High – June 2015-July 2015
Brian Cox, Principal
Don Brinkman, Assistant Principal
Judith Knapp, Assistant Principal

c.  All Assistant Superintendents Human Resources
    John Lyttle          1999-2014 – retired, c/o Hickey & Evans, LLP
    Matt Strannigan      2014-2015 – retired, c/o Hickey & Evans, LLP
    Marc LaHiff          2015-2018 – retired, c/o of Hickey & Evans, LLP
    John Weigel          2018-present

d.  All Title IX Coordinators
    John Lyttle          2012-2017
    John Balow           2017-2020
    Michelle Proctor     2020-present

e.  All Superintendents of Schools for LCSD#1
    Mark Stock           2010-2014
    John Lyttle          2014-2018
    Boyd Brown           2018-present

**INTERROGATORY NO. 5:**     Please identify each employee or volunteer of LCSD #1, member of the LCSD #1 Board of Trustees, member of law enforcement, including School Resource Officers, or other person with whom any individual identified below communicated with, orally or in writing, between January 1, 2012 – June 30, 2019 regarding the interactions or relationship between Joe Meza and Gracie Forth and state fully all the information given in regard to the above, the date of the communication and the identity of the person(s) providing that information and to whom the information was provided:

a.  John Lyttle

b.  W. Matt Strannigan

6

c.  Marc Lahiff or any other

d.  Boyd Brown

e.  John Cunningham

f.  John Balow

g.  Brian Cox

h.  Christina Hunter

i.  All Johnson Junior Principals from January 1, 2012 – June 30, 2019 not identified above.

j.  All Assistant/Associate Principals of Johnson Junior High from January 1, 2012 – June 30, 2019 not identified above.

k.  All Assistant Superintendent Human Resources from January 1, 2012 – June 30, 2019 not identified above.

l.  All Title IX coordinators from January 1, 2012 – June 30, 2019 not identified above.

m.  All Superintendents of Schools for LCSD #1 from January 1, 2012 – June 30, 2019 not identified above.

**ANSWER:**  The School District objects to this Interrogatory because it is overbroad and unduly burdensome, and not proportional to the needs of the case.  Without waiving the objection, the School District provides the following information:  Christina Hunter is believed to have spoken with law enforcement in or about July 2017.  In addition, Ms. Hunter sent a letter to law enforcement on or about July 7, 2017, a copy of which has

been previously produced at Bates LCSD 00213.  Ms. Hunter also is believed to have met

with the county attorney's office in or about September 2018.

John A. Coppede

**INTERROGATORY NO. 6:**    Please state whether LCSD #1 has a Title IX

coordinator.  If yes, please identify the Title IX coordinator(s) from January 1, 2012 – June

30, 2019.

    **ANSWER:**   Yes. John Lyttle - 2012-2017; John Balow - 2017-2020.

**INTERROGATORY NO. 7:**    For the period from January 1, 2012 to present,

please identify all formal and informal complaints or reports by any person, whether oral

or written, made to any assistant principal, principal, assistant superintendent,

superintendent, supervisor, member of human resources, or Title IX coordinator of LCSD

#1, alleging harassment or discrimination of a student, including student-on-student

harassment/discrimination and teacher-on-student harassment/discrimination.  For each

identified complaint or report, please state:

1. The date of the complaint;

2. The alleged grounds of the complaint;

3. The person to whom the complaint was made;

4. Whether any action was taken based upon the complaint;

5. The outcome of the complaint; and

8

6. Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights.

**Note:**  This Interrogatory does not seek the divulgence of information protected by FERPA.   It does not seek the name(s) of the students involved in the alleged harassment/discrimination.   To the extent that the grounds of the complaint pose a legitimate risk that the student may be identified, please provide non-identifying information about the grounds of the complaint and answer the remaining portions of the Interrogatory.

**ANSWER:**  The School District objects to this Interrogatory because it is overbroad, unduly burdensome, not relevant to the claims or defenses of the parties and not proportional to the needs of this case, taking into consideration the importance of the issues at stake in this action, the amount in controversy, the importance of the discovery in resolving the issues and because the burden or expense of the proposed discovery outweighs its likely benefit.  The School District also objects to this Interrogatory because it seeks information that should be deemed confidential and not subject to a general discovery request. The District also objects to this Interrogatory to the extent disclosure of this information is prohibited by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99, et al.

John A. Coppede

**INTERROGATORY NO. 8:**   Please identify every communication between any agent of LCSD # 1 and/or LCSD #1 and Joe Meza regarding his relationship with Gracie Forth and/or any of the subject matter related to this lawsuit from May 1, 2012 – present.  State the date, place and substance of such communication and identify all individuals present during any portion of the communication.

**ANSWER:**  Please see the following documents: August 25, 2017 Notice of Dismissal, previously produced at Bates LCSD 00399 to 00400; October 24, 2018 letter from Joseph Meza to Board of Trustees, previously produced at Bates LCSD 00216, and October 29, 2018 letter from John Weigel to Joseph Meza, previously produced at Bates LCSD 00215. In addition, sometime during the 2014/2015 school year Joe Meza spoke with Ms. Forth's then eighth grade history teacher, Shannon Hall, to request that Ms. Hall allow Ms. Forth to go to Mr. Meza's classroom whenever she asked to do so.  Ms. Hall declined the request.  Mr. Meza also had a discussion with Marc Lahiff where Mr. Meza mentioned the prospect of adopting the Plaintiff.  Marc Lahiff was the then Assistant Superintendent of Human Resources for the School District.

**INTERROGATORY NO. 9:**   Please identify every communication between any agent of LCSD # 1 and/or LCSD #1 and Gracie Forth regarding her relationship with Joe Meza and/or the subject matter of this lawsuit from August 2012 – present.  State the date, place and substance of such communication and identify all individuals present during any portion of the communication.

**ANSWER:**  Tracey Kinney, Phil Thompson and Steve Newton met with Ms. Forth

on or about September 28, 2018 where it is believed they had a discussion about how to support Ms. Forth during the criminal trial of Joseph Meza and how to assist her in transitioning back to school following the trial.  In addition, Steve Newton and Tracey Kinney met with Ms. Forth on or about October 3, 2018 where is it believed they discussed Ms. Forth's employment prospects following her graduation from high school.

**INTERROGATORY NO. 10:**   Please identify every communication between LCSD #1 and Joe Meza regarding his relationship with any female students that may have violations of school policy and the Wyoming Professional Conduct Guide from May 1, 2012 – present.

**ANSWER:**   Please see September 29, 2013, note previously produced at Bates LCSD 00211.

**INTERROGATORY NO. 11:**   Please identify the individual who completed the reference check as referenced in Paragraph 11 of the Complaint and stated that Meza could be "too close to students."  Please also state what follow-up investigation was done, if any, regarding the statement that Meza tended to be "too close to students."

**ANSWER:**   Don Brinkman, who is currently the principal of Saddle Ridge Elementary School.  No follow-up investigation was done because the person who provided this information advised that if he or she had a like vacancy in his or her school system, he or she would be eager to secure Mr. Meza's services.

11

VERIFICATION

I, Boyd Brown, Superintendent of Laramie County School District No. 1, hereby certify that upon information and belief the foregoing interrogatory answers are true and accurate to the best of my knowledge and belief.

DATED this ____ day of October 2020.

_____
Boyd Brown, Superintendent
Laramie County School District No. 1


STATE OF WYOMING          )
                          ) ss.
COUNTY OF LARAMIE         )

Signed and sworn to before me on the ____ day of October 2020, by Boyd Brown, as the Superintendent of Laramie County School District No. 1.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: 9-12-2022

Respectfully submitted this 2nd day of October 2020.

<div style="text-align: right">

Laramie County School District No. 1
Defendant


John A. Coppede (#5-2485)
Loyd E. Smith, Esq. (#5-2509)
HICKEY & EVANS, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY  82003
Ph:  (307) 634-1525
Fx:  (307) 638-7335
jcoppede@hickeyevans.com
lsmith@hickeyevans.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2020, a true and correct copy of the foregoing **DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1** was served via email and U.S. mail, first class postage prepaid to:

Melinda S. McCorkle – melinda@kmplaw.net
McCORKLE LAW
P.O. Box 1926
1720 Carey Avenue, Suite 600
Cheyenne, WY  82003-1926

Anna Reeves Olson - aro@parkstreetlaw.com
PARK STREET LAW OFFICE
242 So. Park Street
Casper, WY  82601

Hickey & Evans, LLP

13

**EXHIBIT 32**

John A. Coppede, Esq. (5-2485)
Loyd E. Smith, Esq. (5-2509)
HICKEY & EVANS, LLP
1800 Carey Ave, Ste 700
PO Box 467
Cheyenne, WY  82003-0467
Ph: (307) 634-1525
Fx: (307) 638-7335
jcoppede@hickeyevans.com
lsmith@hickeyevans.com
*Attorneys for Defendant
Laramie County School District No. 1*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GRACIE ANN FORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 20-CV-00053-ABJ |
| | ) | |
| LARAMIE COUNTY SCHOOL DISTRICT | ) | |
| No. 1 and John/Jane Does 1-10 in his/her official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1**

---

Defendant, Laramie County School District No. 1 (the "District"), by and through its attorneys, Hickey & Evans, LLP, and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby submits its supplemental response to Plaintiffs' Fifth Set of Requests for Production of Documents to Defendant Laramie County School District No. 1 as follows:

**REQUEST NO. 35[sic]:**   Please produce all documents specifically identifying each Title IX coordinator from September 2013 – June 2019.

**RESPONSE:**        The District objects to this document request because it is overbroad, unduly burdensome, not relevant to the claims or defenses of the parties and not proportional to the needs of this case.  Notwithstanding and subject to the foregoing objection, the District had not been able to locate any documents responsive to this request.

Dated this  20  day of May 2021.

Laramie County School District No. 1
Defendant

John A. Coppede (#5-2485)
Loyd E. Smith, Esq. (#5-2509)
HICKEY & EVANS, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY  82003
Ph:  (307) 634-1525
Fx:  (307) 638-7335
jcoppede@hickeyevans.com
lsmith@hickeyevans.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of May 2021, a true and correct copy of the foregoing **DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1'S RESPONSES TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1** was served via email to:

> Melinda S. McCorkle – melinda@kmplaw.net
> McCORKLE LAW
> P.O. Box 1926
> 1720 Carey Avenue, Suite 600
> Cheyenne, WY  82003-1926
> erin@kmplaw.net
>
> Anna Reeves Olson - aro@parkstreetlaw.com
> PARK STREET LAW OFFICE
> 242 So. Park Street
> Casper, WY  82601
> Kate@parkstreetaw.com

Hickey & Evans, LLP

3

EXHIBIT 33

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GRACIE ANNE FORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARAMIE COUNTY SCHOOL DISTRICT No. 1 | ) | Civil No. 20-CV-53-ABJ |
| and John/Jane Does 1-10 in | ) | |
| his/her official and individual capacity. | ) | |
| | ) | |
| Defendants. | ) | |

---

## AFFIDAVIT OF MANDY FORTH

I, Mandy Forth, being duly sworn and of age, state the following:

1. I am the biological mother of the Plaintiff, Gracie Anne Forth.

2. While Ms. Forth was a student at Johnson Junior High and South High School, I never received any notification from any Laramie County School District No. 1 administrator or teacher regarding Gracie's relationship with Joe Meza.

3. Specifically, but not limited to, I did not receive any notification that Gracie was present in Mr. Meza's classroom before school, during lunch or after school. I did not receive any notification that Meza had taken Gracie to any professional development days. I did not receive any notification that Meza had demanded that Gracie be given a permanent pass to go to Meza's classroom whenever she wanted. I did not receive any notification that Gracie had skipped Ms. Hall's class to go to Meza's class.

FURTHER AFFIANT SAYETH NAUGHT.


DATED this __8__ day of July 2021.

_____
Mandy Forth


STATE OF WYOMING          )
                          ) ss.
COUNTY OF LARAMIE         )

SUBSCRIBED AND SWORN to before me this __8th__ day of July 2021 by Mandy Forth

My commission expires:        _____
                              Notary Public

AMANDA L. COMEAUX-NOTARY PUBLIC
COUNTY OF LARAMIE   STATE OF WYOMING
MY COMMISSION EXPIRES FEB 7, 2024

2

STEFANIE BOSTER *#
RICHARD D. BUSH
JOHN A. COPPEDE *
DAVID EVANS *
PAUL J. HICKEY *
O'KELLEY H. PEARSON
LOYD E. SMITH *
JOHN M. WALKER
ROBERT J. WALKER



**HICKEY & EVANS** L.L.P.
Est. 1927

1800 CAREY AVENUE, Suite 700
POST OFFICE BOX 467
CHEYENNE, WYOMING 82003-0467

HOWARD SCOTLAND III
1961-2013

*ADMITTED IN COLORADO
# ADMITTED IN MONTANA

**TELEPHONE (307) 634-1525     TELEFAX (307) 638-7335**

February 5, 2021

<span style="color:red">**EXHIBIT 34**</span>

**VIA E-MAIL:  melinda@kmplaw.net**
Melinda McCorkle
McCorkle Law
1720 Carey Avenue, Suite 600
P.O. Box 1926
Cheyenne, WY 82003

     Re:    *Forth v. LCSD No. 1*

Dear Melinda:

     We are writing in response to your letter dated January 29, 2021.  We will address your issues in the order presented.

1.    **Interrogatories Nos. 7 and 13 and Requests for Production Nos. 29 and 30**

     Sub Issue 1 – Interrogatory 7:  In your criticism of the District's answer to Interrogatory No. 7 you state:  "Neither the present case nor Anna Anderson's sexual abuse of a student was identified within this group."

     Response:  The interrogatory asked the District to identify formal and informal complaints alleging student-on-student or teacher-on-student harassment.  No fair reading of the Interrogatory would assume it included the instant case for which so much discovery has occurred on the very question of complaints as to Meza.  Regarding the Anderson matter, as we informed you by e-mail on December 7, the Anderson matter was not included in the answer to Interrogatory No. 7 because there was no "formal or informal complaint" or report to any District personnel.  The District first became aware of the matter upon Anna Anderson's arrest.  Thus, the Anderson matter was not responsive to Interrogatory No. 7.

     Sub Issue 2 – You state Boyd Brown identified other incidents of harassment in his deposition not included in the response to Interrogatory 7.  Upon our explanation that they were not included because they were not responsive to Interrogatory 7, you issued Interrogatory 13 which sought identification of incidents of harassment, discrimination or sexual abuse of a student.  In its January 21, 2021 answer to this Interrogatory, the District identified three incidents – two of which did not involve a "formal or informal complaint" as was the premise of

Melinda McCorkle
Re: *Forth v. LCSD No. 1*
February 5, 2021
Page 2


the earlier Interrogatory 7, and one which arose in November 2020, subsequent to the earlier answers to Interrogatories.  Thus, again, the District properly answered the interrogatory.

Sub Issue 3 – Incidents mentioned by Boyd Brown in his deposition.  Dr. Brown informed you of an incident where a Wyoming legislator harassed students at the Capitol.  This was not harassment of a student by a teacher or another student and therefore was not responsive to any of Plaintiff's discovery requests.  Dr. Brown also mentioned the incident of racist and homophobic flyers at McCormick Junior High School.  These flyers were not directed at a student and therefore were not responsive to any of Plaintiff's discovery requests.

Sub Issue 4 – Efforts District made to identify incidents and complaints.  You claim to have a right to an explanation of the efforts undertaken to obtain responses to Interrogatories 7 and 13.  That is questionable.  We note you subsequently issued discovery requests pursuing such information.  You state that you are "unclear as to whether the District has attempted to identify all incidents and informal and formal complaints responsive to Interrogatories 7 and 13 or whether it has identified only those incidents and complaints that were already known, without further inquiry, to Hickey & Evans."  Without going into detail, please be advised that the answers to Interrogatories 7 and 13 were obtained from information provided by the District.

Sub-Issue 5 – Melinda Mazzone.  You state in your letter that you have learned that Melinda Mazzone was engaged in inappropriate behavior with students.  Please be advised that the District does not consider the incidents involving Ms. Mazzone to be responsive to Interrogatories 7 or 13.

Sub-Issue 6 – Documents responsive to Interrogatories 7 and 13.  We stand by our objections to producing these records.

## 2. **Interrogatory No. 5 and Requests for Production Nos. 6, 7, 8, 9, 13 and 14:**

**Interrogatory No. 5.**  In your criticism of the District's response to Interrogatory No. 5, you state that the District's answer did not include Ms. Robinson's report to Ms. Hunter about Joe Meza and Gracie Forth supposedly sharing a soft drink.  You will recall, however, that Ms. Hunter did not remember any such report:

Hunter, Christina, (Pages 55:13 to 56:3)

            55
13    Q.   Do you recall any reports about Gracie
14    Forth and Joe Meza engaging in inappropriate
15    behavior?
16    A.   No.
17    Q.   Do you recall an incident in which Gracie
18    Forth was drinking from the same soda as Mr. Meza?
19    A.   No.

Melinda McCorkle
Re: *Forth v. LCSD No. 1*
February 5, 2021
Page 3

20    Q.    And you don't recall this incident ever
21    being raised to you?
22    A.    Not that I recall, no.
23    Q.    And you don't remember Shannon Hall
24    discussing this incident with you?
25    A.    I do not recall that conversation or

                56
1    having a conversation about that.
2    Q.    What about Rebecca Robinson?
3    A.    I do not recall anything like that.

In her January 27 deposition Ms. Robinson testified that she spoke to Ms. Hunter about receiving a report from some students who supposedly saw Joe Meza and Gracie Forth sharing a soft drink. We did not speak with Ms. Robinson, however, until January 2021, and thus the District could not reasonably be expected to have included any conversation Ms. Robinson might have had with Hunter when it responded to Interrogatory No. 5 on October 2, 2020.

**Requests for Production Nos. 6, 7, 8, 9, 13, and 14.**

You also suggest that the District might not have produced all documents responsive to RFPs 6, 7, 8, 9, 13 and 14. On October 2, the District responded to these RFPs as follows:

RFP 6: Please see Bates LCSD 00403 to LCSD 00407; LCSD 00350 to LCSD 00364; LCSD 00507 to LCSD 00509; LCSD 00510; and LCSD 00513 to LCSD 00514, all of which were previously produced.

RFP 7: Please see response to Request No. 6 which is incorporated herein by this reference.

RFP 8 Please see Bates LSCD 00415 to LCSD 00514, previously produced. See also the notes of Tracey Kinney, Superintendent of Instruction for the School District, provided in response to this Request as Bates LCSD 02033 to LCSD 02041. See also documents produced in response to this Request, Bates LCSD 02042 to LCSD 02086.

RFP 9: Please see Bates LCSD 00507 to LCSD 00514, previously provided.

RFP 13:    Please see attached documents Bates LCSD 02087 to LCSD 02091. See also Joe Meza's personnel file at Bates LCSD 00203 to LCSD 00414, previously produced.

Melinda McCorkle
Re: *Forth v. LCSD No. 1*
February 5, 2021
Page 4

RFP 14:      Please   see   Bates   LCSD   00339   to   LCSD   000414, previously provided.

On October 23, the District supplemented its responses to RFPs 7 and 13 as follows:

Supplemental Response to RFP 7:     Please see Bates LCSD 07991-07996, attached hereto.

Supplemental Response to RFP 13:   Redaction   of   teacher's   name   has been removed in Bates LCSD 02091A.

On February 5, 2021, the District supplemented its Response to RFP 13 as follows:

**SECOND SUPPLEMENTAL RESPONSE:**      Please   see   attached documents Bates LCSD 08171 – LCSD 08173.

Thus, the District has produced nearly 8200 pages of documents in response to the many RFPs you have served on the District in this case.

**Christina Hunter's day book/Outlook**

You asked about Christina Hunter's "day book" and Outlook calendar Ms. Hunter referred to in her deposition.  We have inquired of Ms. Hunter and have now supplemented the District's response to Request No. 13.  We are advised, however, that Ms. Hunter typically keeps a planner and notebook but discards them after a certain period of time. We are also advised that Ms. Hunter discarded her planner and notebook when she left Johnson Junior High School in about May 2016, thus we are unaware of additional documents we can produce in response to RFPs 6, 7, 8, 9, 13, and 14.

We have addressed each of your issues, and the District will, of course, supplement its responses should we become aware of any additional responsive documents or information.  We are willing to confer regarding these issues further if you feel it is necessary, although we anticipate your concurrence to our response.

Very truly yours,

John A. Coppede

JAC/laa


**SOUTH HIGH SCHOOL**

**1213 W. Allison Rd., Cheyenne, WY  82007**

**(307) 771-2410    (307) 771-2420 (fax)**


Name:  __Gracie Meza_____

Date:_____9/28/18_____

### *Transition Plan:*

1. Morning Check-in: May show up for ELO as needed, begin classes on 2nd hour A/B days
2. Restroom/Hall Passes: No support needed
3. Passing periods: No support needed, will reassess the need for modifications as necessary, South High Admin will keep "line of sight" during transition times.
4. Lunch: Off-campus preference, 10 minute wait time to avoid a crowd, park in the teacher lot
5. Dismissal/Pickup: Teacher parking lot, leave through the C-pod exit
6. Extra-curricular attendance: Will attend with friend, current seating preference is away from student section
7. Absences: Policy-waived, Gracie will call herself in to the office
8. Adjustments to coursework:  Drop Ceramics and Zoology, All other courses remain the same.
9. Academic Interventions: Mr. Thompson will speak with Mr. Hume, Mr. Thompson will coordinate the gathering of all missing work.
10. In-school point of contact: Mrs. Ragle (SAC), Mr. Thompson's office, Ms. MIchael
11. Guidance Counselor support: Mrs. Ragle
12. Emergency situations: contact Mr. Thompson, Cris Zimny, law enforcement (911), Gracie will determine others she'd like involved
13. SRO updates: Dr. Kinney will visit with SRO regarding citizens of concern
14. Follow up: Gracie can initiate it at any time, re-assess week of October 1
15. Phone Contacts: Dr. Tracey Kinney: 307-221-3102, Steve Newton: 307-631-4133, Mr. Phil Thompson: 307-203-9170, Cris Zimny: 307-399-2720, Vince Garcia: 307-214-0235, Gracie: 307-256-8431; Becky Garcia: 307-421-3655

**EXHIBIT 35**

| **Phil Thompson** | **Royce Backman** | **Jen Brownhill** | **Louis Sisemore** |
| **Principal** | **Associate Principal** | **Assistant Principal** | **Assistant Principal** |

LCSD 08000

**EXHIBIT 36**

- usually about once a week
- She allowed me to see her phone and she swiped through many texts.
- My boyfriend, Ella, + Joe would go eat every once in a while.
- She says all texts have come from Ella.
  ↳ she said none came through from Joe.

- Some kids have been giving her grief.
- nothing the student felt was out of line for.

- Joe has taken her out to eat several times. always had an adult from the family with her.

*Brian [signature]*
*copied for delivery to Hickey & Evans LLP*
*6-30-2020*

9-13-17 phone call w/ Cara Origina
→ Custodian @ Hebhardt on 9-11 reported to Cara ~~Ces~~
→ ~~bes~~ M██████ M█ (student @ South)
  ↳ Joe has been reaching out to M█████ through Parrish.
  ↳ Joe + Ella were taking her out to eat
  ↳ Communication has continued through the school year.
→ Cathy (Catalina) Collins - custodian @ Hebhart + friends of M██ family.

senior → Meza was teacher in 7th
        Never had Parrish.
→ Ella met her dad through Mr. Meza
  ↳ Ella met w/ me + my dad about Mr. Meza when he was accused.
  ↳ Ella has been helping. came after an accident w/ tree to help move things.
  ↳ She was keeping them up to date on the events. (Meza was friends since her 7th grade year.
  ↳ She comes by from time to time.
  ↳ She does check in on me through text to see how school is going.

LCSD 02091A

# EXHIBIT 37

FILED AS CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GRACIE ANN FORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 20-CV-00053-ABJ |
| | ) | |
| LARAMIE COUNTY SCHOOL DISTRICT | ) | |
| No. 1 and John/Jane Does 1-10 in his/her official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1

## CONFIDENTIAL AND SUBJECT TO THE PROTECTIVE ORDER ENTERED IN THIS CASE

COMES NOW the Defendant, Laramie County School District No. 1 (the "District"), by and through its attorneys, Hickey & Evans, LLP, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and hereby serves its second supplemental answers to Plaintiffs' First Set of Interrogatories to Defendant Laramie County School District No. 1:

### GENERAL OBJECTION

The District objects to the definitions and instructions set forth in Plaintiff's First Set of Interrogatories to Defendant Laramie County School District No. 1 and states it will respond to this discovery in accordance with the Federal Rules of Civil Procedure. Nothing contained herein shall be deemed to constitute an assent to the terms, instructions, or definitions used in the First Interrogatories, or any assumptions contained in such Interrogatories. Subject to and without

waiving the foregoing general objection the District responds to the First Set of Interrogatories

to Defendant Laramie County School District No. 1 as follows:

## INTERROGATORIES

**INTERROGATORY NO. 7:**        For the period from January 1, 2012 to present,

please identify all formal and informal complaints or reports by any person, whether oral or

written, made to any assistant principal, principal, assistant superintendent, superintendent,

supervisor, member of human resources, or Title IX coordinator of LCSD #1, alleging harassment

or discrimination of a student, including student-on-student harassment/discrimination and

teacher-on-student harassment/discrimination.   For each identified complaint or report, please

state:

1. The date of the complaint;

2. The alleged grounds of the complaint;

3. The person to whom the complaint was made;

4. Whether any action was taken based upon the complaint;

5. The outcome of the complaint; and

6. Whether the complaint and/or conduct that formed the basis for the complaint was
   reported to the Office of Civil Rights.

**Note:** This Interrogatory does not seek the divulgence of information protected by FERPA.

It does not seek the name(s) of the students involved in the alleged harassment/discrimination. To

the extent that the grounds of the complaint pose a legitimate risk that the student may be identified,

please provide non-identifying information about the grounds of the complaint and answer the

remaining portions of the Interrogatory.

**ANSWER:**

The District objects to this Interrogatory because it is overbroad, unduly burdensome, not relevant to the claims or defenses of the parties and not proportional to the needs of this case, taking into consideration the importance of the issues at stake in this action, the amount in controversy, the importance of the discovery in resolving the issues and because the burden or expense of the proposed discovery outweighs its likely benefit. The District also objects to this Interrogatory because it seeks information that should be deemed confidential and not subject to a general discovery request. The District also objects to this Interrogatory to the extent disclosure of this information is prohibited by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99, et al. The District further objects to this interrogatory to the extent is seeks information regarding complaints of harassment or discrimination occurring after Joseph Meza's arrest in 2017 as irrelevant to the claims in this lawsuit. The District additionally objects to the overbreadth of the interrogatory to the extent it seeks information regarding minor incidents of harassment between students. Notwithstanding and without waiving the foregoing objection, the District provides the following information.

The following information as to teacher Melinda Mazzone is not responsive to this Interrogatory. The District, nevertheless, as discussed in the parties February 10, 2021 "meet and confer" conference, agreed to provide this information.

Mazzone Incident 1

1.     The date of the incident:  February 2013.

2.     The alleged grounds of the incident:  Ms. Mazzone was reported to have a former student living with her.  The student was an adult.

3.     The person to whom the incident was reported:  Unclear from records.

4.      Whether any action was taken based upon the report:  No action taken.  The former student was an adult.

5.      The outcome of the incident:  No action taken.  The former student was an adult.

6.      Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights:  No

Mazzone Incident 2

1.      The date of incident:  March/April 2014.

2.      The alleged nature of incident:  Texting a student during class.

3.      The person to whom the complaint was made:  John Cunningham.

4.      Whether any action was taken based upon incident:  The incident was investigated and John Cunningham met with Ms. Mazzone to remind her she must follow LCSD #1 Rules regarding electronics.

5.      The outcome of the incident:  John Cunningham met with Ms. Mazzone to remind her she must follow LCSD #1 Rules regarding electronics.

6.      Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights:  No

Mazzone Incident 3

1.      The date of the incident:  April 17, 2015.

2.      The alleged grounds of the incident:  Ms. Mazzone met with a student at 11:00 p.m. outside of the student's home on the curb next to the street.  The student's mother was aware of the meeting.

3.      The person to whom the incident was reported:  Unclear, but the incident was ultimately reported to John Cunningham.

4.      Whether any action was taken based upon the incident:  John Cunningham met with Ms. Mazzone to discuss the incident and fact that the student was on ISP under DFS supervision.

5.      The outcome of the incident:  Ms. Mazzone was instructed that if she is to have contact with students on ISP she needs to work through DFS to be placed on approved contact list and to follow DFS parameters for contact.

6.     Whether the incident and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights:  No

<u>Mazzone Incident 4</u>

1.     The date of the complaint:  May 2015.

2.     The alleged grounds of the complaint:  Ms. Mazzone was alleged to have called and texted a student at night, to have bought the student a necklace and to have taken the student to lunch.

3.     The person to whom the complaint was made:  The student's mother called the LCSD #1 Administration office and the information was provided to John Balow, the principal at Johnson Junior High School.

4.     Whether any action was taken based upon the complaint:  The incident was investigated.

5.     The outcome of the complaint:  Ms. Mazzone received a letter of reprimand and was placed on Track "C", the awareness phase of the LCSD #1 teacher evaluation process, concerning showing professionalism.

6.     Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights:  No

As to Objections:

John Coppede/Loyd Smith

5

VERIFICATION

I, Boyd Brown, Superintendent of Laramie County School District No. 1, hereby certify

that upon information and belief the foregoing interrogatory answers are true and accurate to the

best of my knowledge and belief.

DATED this _18_ day of February, 2021.


_____
Boyd Brown, Superintendent
Laramie County School District No. 1


STATE OF WYOMING       )
                       ) ss.
COUNTY OF LARAMIE      )

Signed and sworn to before me on the _18_ day of October 2020, by Boyd Brown, as the

Superintendent of Laramie County School District No. 1.

Witness my hand and official seal.

YVONNE VIGIL  -  NOTARY PUBLIC
COUNTY OF LARAMIE   STATE OF WYOMING
MY COMMISSION EXPIRES SEP 12, 2022

_____
Notary Public

My Commission Expires: _9-12-2022_

6

Dated this ___19___ day of February, 20201

<div style="margin-left: 40%;">

Laramie County School District No. 1
Defendant

_[signature]_

John A. Coppede (#5-2485)
Loyd E. Smith, Esq. (#5-2509)
HICKEY & EVANS, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY  82003
Ph:  (307) 634-1525
Fx:  (307) 638-7335
jcoppede@hickeyevans.com
lsmith@hickeyevans.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the ___19___ day of February, 2021, a true and correct copy of the foregoing **DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1** was served via email and U.S. mail, first class postage prepaid to:

> Melinda S. McCorkle – melinda@kmplaw.net
> McCORKLE LAW
> P.O. Box 1926
> 1720 Carey Avenue, Suite 600
> Cheyenne, WY  82003-1926
>
> Anna Reeves Olson - aro@parkstreetlaw.com
> PARK STREET LAW OFFICE
> 242 So. Park Street
> Casper, WY  82601

_[signature]_

Hickey & Evans, LLP

7

**EXHIBIT 39**

John A. Coppede, Esq. (5-2485)
Loyd E. Smith, Esq. (5-2509)
HICKEY & EVANS, LLP
1800 Carey Ave, Ste 700
PO Box 467
Cheyenne, WY 82003-0467
*Attorneys for Defendant*
*Laramie County School District No. 1*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GRACIE ANN FORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 20-CV-00053-ABJ |
| | ) | |
| LARAMIE COUNTY SCHOOL DISTRICT | ) | |
| No. 1 and John/Jane Does 1-10 in his/her | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1'S FOURTH SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1

COMES NOW the Defendant, Laramie County School District No. 1 (the "District"), by and through its attorneys, Hickey & Evans, LLP, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order on March 18, 2021 Discovery Conference, and hereby serves its Fourth Supplemental answers to Plaintiffs' First Set of Interrogatories to Defendant Laramie County School District No. 1:

## INTERROGATORIES

**INTERROGATORY NO. 7:**     For the period from January 1, 2012 to present, please identify all formal and informal complaints or reports by any person, whether oral or written, made to any assistant principal, principal, assistant superintendent, superintendent, supervisor, member of human resources, or Title IX coordinator of LCSD #1, alleging harassment or discrimination of a student, including student-on-student harassment/discrimination and teacher-on-student harassment/discrimination.   For each identified complaint or report, please state:

1. The date of the complaint;

2. The alleged grounds of the complaint;

3. The person to whom the complaint was made;

4. Whether any action was taken based upon the complaint;

5. The outcome of the complaint; and

6. Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights.

**Note:** This Interrogatory does not seek the divulgence of information protected by FERPA.   It does not seek the name(s) of the students involved in the alleged harassment/discrimination.   To the extent that the grounds of the complaint pose a legitimate risk that the student may be identified, please provide non-identifying information about the grounds of the complaint and answer the remaining portions of the Interrogatory.

**ANSWER:**

The District adopts by reference its objections previously made in response to this interrogatory. Notwithstanding and without waiving the foregoing objection, the District provides the following information.

CAREY JR. HIGH SCHOOL INCIDENT NO. 1

1.  The date of the complaint: November 17, 2014

2.  The alleged grounds of the complaint:   Student requesting nude photos of female students, sending nude photos to female students, sending video of himself masturbating to female students and showing students photos of porn stars.

3.  The person to whom the complaint was made:   Associate principal.

4.  Whether any action was taken based upon the complaint: The incident was investigated and referred to the Cheyenne Police Department.

5.  The outcome of the complaint:   The offending student received a ticket (citation) from the Cheyenne Police Department.  The student received a 10 day OSS, which was reduced on appeal to 4 days OSS and 6 days ISS and student was prohibited from having electronic devices in his possession the remainder of the school year.

6.  Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights: No

CAREY JR. HIGH SCHOOL INCIDENT NO. 2

1.     The date of the complaint:  October 15, 2015

2.     The alleged grounds of the complaint:     Student A photo shopped sexually
       explicit pictures of Student C and another student conducting a sexually
       explicit act of oral sex on the images of another student who did not attend
       Carey Junior High School.  Student B created a fictitious Facebook page
       under an assumed name and posted the photo shopped pictures.

3.     The person to whom the complaint was made:  Assistant Principal.

4.     Whether any action was taken based upon the complaint:  The incident was
       investigated by school personnel and the Cheyenne Police Department.

5.     The outcome of the complaint:     Students A and B received citations from
       the  Cheyenne  Police  Department.     Student  A  received  a  long-term
       suspension from the School District.  Student B received a 10 day OSS and
       his probation officer was notified.

6.     Whether the complaint and/or conduct that formed the basis for the complaint
       was reported to the Office of Civil Rights:  No

EAST HIGH SCHOOL INCIDENT

1.     The date of the complaint:  Late fall 2014

2.     The alleged grounds of the complaint:     Two    staff    members    reported
       hearing rumors that a teacher may be having a personal relationship with a
       student in the teacher's class.

3.     The person to whom the complaint was made:  School principal.

4

4.    Whether any action was taken based upon the complaint:  The matter was investigated by the building principal and an associate principal, including interviews with the student, the teacher, the student's mother and other students.

5.    The outcome of the complaint:   It was determined the rumors of an improper relationship were not true, but that the student had told other students she had a crush on the teacher.

6.    Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights:  No

CENTRAL HIGH SCHOOL INCIDENT

1.    The date of the complaint: March 16, 2017

2.    The alleged grounds of the complaint:     Developmentally/cognitively disabled male student (autism) hugged a female student and stuck his hands down her pants during PE class.

3.    The person to whom the complaint was made:  Teacher who then reported it to assistant principal.

4.    Whether any action was taken based upon the complaint: The complaint was investigated and also reported to the Cheyenne Police Department.

5.    The outcome of the complaint:     A District IEP team put together a safety plan for the disabled student/offender which included that he be monitored by an adult in passing periods and at lunch and a plan of teaching the student social cues and appropriate social behavior.

5

6.   Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights:  No

SOUTH HIGH SCHOOL INCIDENT

1.   The date of the complaint:  March, 2016.

2.   The alleged grounds of the complaint:   Teacher alleged to be messaging students on Facebook; kissing a student on the forehead; kissing a student on the cheek; hugging students; and making inappropriate comments to students about female self-gratification.

3.   The person to whom the complaint was made:   Assistant principal.

4.   Whether any action was taken based upon the complaint:  The complaint was investigated, including interviews of several students and the teacher.

5.   The outcome of the complaint:    The teacher was placed on Track "C," the Discipline Phase Action Plan for Teacher Improvement,

6.   Whether the complaint and/or conduct that formed the basis for the complaint was reported to the Office of Civil Rights:  No

As to Objections:

John Coppede/Loyd Smith

VERIFICATION

I, Boyd Brown, Superintendent of Laramie County School District No. 1, hereby certify that upon information and belief the foregoing interrogatory answers are true and accurate to the best of my knowledge and belief.

DATED this __2 (__ day of April, 2021.


_____
Boyd Brown, Superintendent
Laramie County School District No. 1


STATE OF WYOMING          )
                          ) ss.
COUNTY OF LARAMIE         )

Signed and sworn to before me on the __2 (__ day of April, 2021, by Boyd Brown, as the Superintendent of Laramie County School District No. 1.

Witness my hand and official seal.

YVONNE VIGIL   ·   NOTARY PUBLIC
COUNTY OF LARAMIE   STATE OF WYOMING
MY COMMISSION EXPIRES SEP 12, 2022

_____
Notary Public

My Commission Expires: 9-12-2022

7

## CERTIFICATE OF SERVICE

I hereby certify that on the _2/_ day of April, 2021, a true and correct copy of the foregoing **DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1'S FOURTH SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LARAMIE COUNTY SCHOOL DISTRICT NO. 1** was served via email and U.S. mail, first class postage prepaid to:

Melinda S. McCorkle – melinda@kmplaw.net
McCORKLE LAW
P.O. Box 1926
1720 Carey Avenue, Suite 600
Cheyenne, WY 82003-1926

Anna Reeves Olson - aro@parkstreetlaw.com
PARK STREET LAW OFFICE
242 So. Park Street
Casper, WY 82601

_Louise Anderson_

Hickey & Evans, LLP

8

# EXHIBIT 40

FILED AS CONFIDENTIAL