Melinda S. McCorkle, 6-3905
MCCORKLE LAW
P.O. Box 1926
Cheyenne, WY 82003-1926
(307) 369-1985
melinda@kmplaw.net

Anna Reeves Olson, 6-3692
PARK STREET LAW OFFICE
242 S. Park Street
Casper, Wyoming 82601
(307) 265-3843
aro@parkstreetlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GRACIE ANNE FORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LARAMIE COUNTY SCHOOL DISTRICT No. 1 | )   Civil No. 20-CV-53-ABJ |
| and John/Jane Does 1-10 in | ) |
| his/her official and individual capacity. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO LARAMIE COUNTY SCHOOL DISTRICT #1'S ("LCSD1") MOTION IN LIMINE REGARDING OVERNIGHT RUNNING TRIPS**

Plaintiff responds in opposition to LCSD1's *Motion in limine Regarding Overnight Running Trips* and states as follows:

### I.     INTRODUCTION

LCSD1 requests that this Court exclude Ms. Forth from eliciting any evidence regarding the "Plaintiff's overnight running trips with Joseph Meza." Doc. 69 at 1. LCSD1 maintains that

1

this evidence is irrelevant and should be excluded because "[t]here is no evidence . . . that any school administrator knew about these [overnight] trips." *Id.* at 2 (citing F.R.E. 401). LSCD1 also argues that even if this evidence is somehow relevant, it should still be excluded because "the probative value of such evidence is substantially outweighed by the danger of unfair prejudice[ ], confusion of the issues, misleading the jury, and otherwise wasting time." *Id.* (citing F.R.E. 403).

However, as set forth below, this Court must reserve ruling on LCSD1's *Motion* until the time of trial.

## II.   ARGUMENT

I.   THIS COURT SHOULD RESERVE RULING ON DEFENDANT'S *MOTION* BECAUSE THE SURROUNDING FACTS AND CIRCUMSTANCES ARE NECESSARY IN DETERMINING WHETHER EVIDENCE IS RELEVANT OR WHETHER ITS PROBATIVE VALUE IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.

A.   EVIDENCE REGARDING PLAINTIFF'S OUT-OF-TOWN TRIPS WITH MEZA ARE RELEVANT.

In evaluating the admissibility of proffered evidence on a pretrial motion *in limine* the court must assess whether the evidence is relevant. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED.R.EVID. 401.

Here, Defendant objects to the Plaintiff offering any evidence regarding the multiple out-of-town trips that she took with Meza because the LSCD1 claims that there is no evidence that the administration was aware of these trips. However, it is an issue for the jury to determine whether the administration had "actual notice" of these out-of-town trips.

As set forth in Plaintiff's *Opposition to Defendant's Motion for Summary Judgment,* "the actual notice standard does not set the bar so high that a school district is not put on notice until it receives a clearly credible report of sexual abuse from the plaintiff-student." *J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1-29,* 397 F. App'x 445, 453 (10th Cir. 2010) (quoting *Escue v.*

2

*N. OK Coll.,* 450 F.3d 1146, 1154 (10th Cir. 2006)). Rather, an educational institution has actual notice if it is aware of underlying facts which indicate a *sufficiently substantial danger to students*. "At some point . . . a supervisory school official knows . . . a school employee is a substantial risk to sexually abuse children . . .." *Doe v. Defendant A,* 2012 WL 6694070, at *6 (N.D. Okla. Dec. 21, 2012) (quoting *Gordon v. Ottumwa Cmty. School Dist.,* 115 F.Supp.2d 1077, 1082 (S.D. Iowa 2000)); *see also Escue,* 450 F.3d at 1154.

Actual knowledge can be established by uncorroborated complaints of inappropriate physical conduct with a student, rumors of a teacher's sexual conduct with students, or uncorroborated complaints about a teacher that the teacher denies, which create a question for the jury as to whether LCSD1 was on notice. *Id.*; *Hilldale,* 2008 WL 2944997 at *8. Further, "courts do not require that the school have actual knowledge that a teacher was abusing a certain student . . . Actual knowledge of a substantial risk can be established when the school has prior complaints that are current and contain allegations that are similar in nature and conduct." *Garrity v. Governance Bd. of Carinos Charter Sch.,* No. CV 19-95 JAP/JHR, 2020 WL 5074385, at *4 (D.N.M. Aug. 27, 2020); *see also Nave v. Indep. Sch. Dist. No. 20 of LeFlore Cty.,* No. CIV-17-096-KEW, 2018 WL 6419296, at *5-7 (E.D. Okla. Dec. 6, 2018). "[K]nowledge is likely achieved some time before the school district 'receives a clearly credible report of sexual abuse.'" *M.C. v. Hollis Indep. Sch. Dist. No. 66 of Harmon Cty., Oklahoma,* No. CIV-15-343-C, 2017 WL 1102680, at *2–3 (W.D. Okla. Mar. 23, 2017) (quoting *Escue,* 450 F.3d at 1154)[1].

Here, in October and December of 2014 Meza and Gracie began taking overnight running

---

[1] In *Escue,* the Tenth Circuit declined to find that the College had actual notice because (1) complaints about inappropriate behavior occurred a decade before the harassment at hand; and (2) the Professor dating two non-traditional students nearly his own age did not indicate he was a risk to the College's students. *Id.* at 1153-54.

3

trips together, with LCSD1 employee Ella Parish.[2]  *See* Doc. 53, Plaintiff's Ex. 10 at 55, 57-59 (referring to the December 2014 trip as a "group trip" with Parish's husband).  Educator Phil Vigil knew that Meza and Parish took Gracie to Denver for a race and although he thought it was "unusual" and "it raised eyebrows," he did not report it to JJH's Administration.  *See* Doc. 53, Plaintiff's Ex. 5 at 32; *see also* Ex. 9 at 55:17-56:14.  However, Vigil acknowledged that "[w]ord spreads fast in school. A teacher says one thing to another teacher, and by the time you know it, all the teachers know."  Ex. 5 at 40.

Mr. Vigil also testified that Gracie and Meza's relationship became a "joke" and Vigil and other teachers "joked" and "laughed" about it.  *Id.* at 39.  When Vigil found out Meza was arrested for having a sexual relationship with Gracie, he was "not surprised" because of "all the time" that Gracie and Meza had spent together.  *Id.* at 40-41.  Vigil made similar statements to Vince Garcia after Meza's arrest, telling Vince that everyone at JJH knew about the relationship between Gracie and Meza.  Ex. 5 at 41-45.  In fact, Vigil believes that it was possible or probable that he told Vince Garcia that "it was a joke about how obvious [the relationship between Meza and Gracie] was," *id*. at 43; Ex. 22 at 60-65.

Accordingly, because: (1) there were *at least* two educators who knew that Meza had taken Gracie to Denver in October and December of 2014; (2) "word spreads fast in school"; (3) "it was a joke about how obvious [the relationship between Meza and Gracie] was"; and (4) "actual knowledge can be established by uncorroborated complaints of inappropriate physical conduct with a student, rumors of a teacher's sexual conduct with students, or uncorroborated complaints about a teacher that the teacher denies," there is an issue of material fact regarding whether the administration had actual knowledge of Gracie and Meza's trips to Denver.  Consequently,

---

[2] Ella Parish is Joe Meza's fiancé and was a teacher in Meza's classroom in 2014/15 and 2016/17.  Ex. 10 at 23-25.

4

evidence surrounding the out-of-town trips is relevant to establish the Administration's actual knowledge of the inappropriate relationship.

    B.   THIS COURT MUST RESERVE RULING ON WHETHER THE EVIDENCE IS SUBJECT TO RULE 403'S EXCLUSIONARY PROVISIONS.

Relevant evidence may be deemed inadmissible and subject to exclusion on multiple grounds, including that "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Under Rule 403, the court must engage in "on-the-spot balancing of probative value and prejudice" and perhaps exclude even factually relevant evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). This balancing test is "fact-based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Nuskey v. Hochberg*, 723 F. Supp. 2d 229, 233 (D.D.C. 2010) (quoting *Sprint/United Mgmt. Co.*, 552 U.S. at 387-88). Importantly, "unfair prejudice within [the Rule 403] context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's notes; see also 22 Charles Alan Wright, Kenneth W. Graham, Jr., FEDERAL PRACTICE & PROCEDURE: Evidence § 5214 (1978) (in weighing the probative value of evidence a Court must consider the evidence "*against the background of all the evidence in the case*.") (emphasis added).

Furthermore, "under Rule 403's balancing test, it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value." *U.S. v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (emphasis in original). In engaging in the requisite balancing, the district court must

"give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Id.*

For these reasons, depending upon the nature of the evidentiary issue presented in a pretrial motion *in limine*, the court must also assess whether a ruling is appropriate in advance of trial or, instead, should be deferred until trial before ruling in order to allow the court's "decision to be better informed by the context, foundation, and relevance of the contested evidence within the framework of trial as a whole." *Burrows v. Wal-Mart Stores E., LP,* 2019 WL 2271166, at *1 (W.D. Okla. May 28, 2019) (deferring ruling on motions *in limine* until trial so that the court's decision would be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole); *see also Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218-19 (D. Kan. 2007) (noting that district court's should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed).

Here, this Court should defer ruling on whether evidence of the out-of-town trips is subject to Rule 403's exclusionary provisions until offered at trial, so that the Court's ruling will benefit from the surrounding circumstances better able to weigh the evidence in light of facts, circumstances, admitted evidence, and relevance of the contested evidence.

### III. CONCLUSION

Wherefore, it is respectfully requested that this Court reserve ruling on Defendant's Motion until the evidence is offered at trial and a trial evidentiary objection is made.

RESPECTFULLY SUBMITTED this 23rd day of August 2021.

              /s *Anna Reeves Olson*
              Anna Reeves Olson, 6-3692
              PARK STREET LAW OFFICE
              242 S. Park Street
              Casper, Wyoming 82601
              (307) 265-3843

              Melinda S. McCorkle, License #6-3905
              MCCORKLE LAW
              P.O. Box 1926
              Cheyenne, WY 82003-1926
              Phone: (307) 369-1985

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served on the 23rd day of August 2021 to John A Coppede & Loyd Smith via electronic delivery.

              /s *Anna Reeves Olson*
              Anna Reeves Olson, 6-3692