Melinda S. McCorkle, 6-3905
MCCORKLE LAW
P.O. Box 1926
Cheyenne, WY  82003-1926
(307) 369-1985
melinda@kmplaw.net

Anna Reeves Olson, 6-3692
PARK STREET LAW OFFICE
242 S. Park Street
Casper, Wyoming 82601
(307) 265-3843
aro@parkstreetlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GRACIE ANNE FORTH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LARAMIE COUNTY SCHOOL DISTRICT No. 1 )   Civil No. 20-CV-53-ABJ | |
| and John/Jane Does 1-10 in | ) |
| his/her official and individual capacity. | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO LARAMIE COUNTY SCHOOL DISTRICT #1'S ("LCSD1") MOTION IN LIMINE REGARDING PRIOR REPORTS AND INVESTIGATIONS**

Plaintiff responds in opposition to LCSD1's *Motion in Limine Regarding Prior Reports and Investigations* as follows:

### I.    INTRODUCTION

LCSD1 requests that this Court exclude Ms. Forth from "attempting to introduce certain testimony, evidence, exhibits, argument, objections and the like relating to the School District's

1

receipt and handling of prior reports of misconduct by its employees and the School District's discipline of its employees." Doc. 71 at 1-2. LSCD1 claims that such evidence is irrelevant and also unfairly prejudicial. *Id.* at 4 (citing F.R.E. 401 & 403). However, as set forth below, this evidence is relevant to whether LCSD1 had a custom and practice of not properly (1) investigating allegations of teacher-on-student sexual harassment and (2) disciplining errant educators. The Court should also reserve ruling until trial as to whether this evidence is unduly prejudicial.

## II.  ARGUMENT

I.  THIS COURT CANNOT EXCLUDE EVIDENCE THAT IS RELEVANT TO ESTABLISHING THE FACT THAT LCSD1 HAD A CUSTOM AND PRACTICE OF NOT PROPERLY (1) INVESTIGATING ALLEGATIONS OF TEACHER-ON-STUDENT SEXUAL HARASSMENT AND (2) DISCIPLINING ERRANT EDUCATORS.

LCSD1 seeks to exclude evidence related to: (1) Anna Anderson's inappropriate and illegal relationship with her student, *see B.A.L., supra,* Civ. No. 16-CV-00091-SWS (D. Wyo. 2016); (2) educator John Doe's sexually inappropriate comments to female students that involved telling female students that he loved them and that they should touch their vaginas; and (3) educator Jane Doe's inappropriate texting and sexual relationship with one of her track students whom she was coaching. *See* Doc. 71 at 2-3.

However, as set forth in Plaintiff's *Opposition to Defendant's Motion for Summary Judgment*, in *Fitzgerald v. Barnstable Sch. Comm'n*, 555 U.S. 246, 258 (2009), the Supreme Court held that Title IX was not meant to be an exclusive mechanism for addressing gender discrimination in schools. Consequently, 42 U.S.C. § 1983 suits based on the Equal Protection Clause are available to plaintiffs alleging unconstitutional gender discrimination in schools. *Id*.

> The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike.

Do. 13 at 18 (*Order Denying Motion to Dismiss*).

Equal protection violations are actionable under 42 U.S.C. § 1983 and sexual harassment by a state official may violate the Equal Protection Clause. *See Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.,* 511 F.3d 1114, 1124 (10th Cir. 2008). A district's liability is analyzed under a municipal liability framework and requires that the state employee's discriminatory conduct be representative of an official policy *or* custom of the agency *or* taken by an official with final policymaking authority. *Id*. (emphasis added)**.**

A plaintiff may allege municipal liability for sexual harassment by showing that it was so "widespread and pervasive so as to constitute a custom or usage with the force of law." *S.C. v. Lansing Un. Sch. Dist. #469, No.,* 2019 WL 1317506, at *4 (D. Kan. Mar. 22, 2019). In *Rost,* the Tenth Circuit held that in order to establish a "custom" or practice of failure to receive, investigate, or act on complaints of constitutional violations, a plaintiff must establish: (1) a continuing, widespread, and persistent pattern of misconduct by the state; (2) deliberate indifference to or tacit authorization of conduct by policymaking officials after notice of the conduct; and (3) injury. *Id*. at 1125.

A. EVIDENCE REGARDING PLAINTIFF'S OUT-OF-TOWN TRIPS WITH MEZA ARE RELEVANT.

In evaluating the admissibility of proffered evidence on a pretrial motion *in limine* the court must assess whether the evidence is relevant. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED.R.EVID. 401.

In this case, the prior instances are relevant in determining whether LCSD1 had a continuing and widespread failure to properly investigate complaints of teacher-on-student sexual harassment and failing to properly discipline teachers who prey on students. For example, evidence of a custom is demonstrated by the fact that during the same timeframe as Meza's abuse

against Gracie, another teacher, Anna Anderson, was arrested for sexual abuse of a former student (March 2014) and pled no contest in August 2015 to charges of Second- and Third-Degree Sexual Abuse of a Minor.  *B.A.L., supra,* Civ. No. 16-CV-00091-SWS (D. Wyo. 2016).  Of course, LCSD1 did not conduct any investigation into or provide any additional training about recognizing grooming behaviors or otherwise protecting students from abuse.

Evidence of a custom in failing to investigate teacher-on-student abuse is also evidenced by the case involving South High School educator Jane Doe.  In the Spring of 2013, a teacher reported to South's Principal, Phil Thompson, that Jane Doe was rumored to be texting and having a sexual relationship with one of her track students.  As set forth in Plaintiff's Opposition to LCSD1's Motion for Summary Judgment, when Jane Doe admitted to having the inappropriate relationship with her student, Superintendent Lyttle allowed Jane Doe to keep her job and the exchanged text messages with her student a secret.  LCSD1 also did not interview: (1) the student; (2) the student's parents; or (3) the educator that had initially reported Jane Doe.  In other words, LCSD1 failed to investigate the serious nature of the relationship, how the relationship started, or how it could prevent similar relationships from forming in the future.  Worst of all, LCSD1 did not notify the student's parents that Jane Doe had sexually harassed their child.  *Id.*

Accordingly, these prior incidents are relevant in establishing that LCSD1 had a custom of failing to investigate these educator's abhorrent behavior.  If it did not have this custom, Gracie may have never been harmed.

    B.   THIS COURT MUST RESERVE RULING ON WHETHER THE EVIDENCE IS SUBJECT TO RULE 403'S EXCLUSIONARY PROVISIONS.

Relevant evidence may be deemed inadmissible and subject to exclusion on multiple grounds, including that "its probative value is substantially outweighed by a danger of one or more

4

of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

Under Rule 403, the court must engage in "on-the-spot balancing of probative value and prejudice" and perhaps exclude even factually relevant evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). This balancing test is "fact-based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Nuskey v. Hochberg*, 723 F. Supp. 2d 229, 233 (D.D.C. 2010) (quoting *Sprint/United Mgmt. Co.*, 552 U.S. at 387-88). Importantly, "unfair prejudice within [the Rule 403] context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's notes; see also 22 Charles Alan Wright, Kenneth W. Graham, Jr., FEDERAL PRACTICE & PROCEDURE: Evidence § 5214 (1978) (in weighing the probative value of evidence a Court must consider the evidence "*against the background of all the evidence in the case*.") (emphasis added).

Furthermore, "under Rule 403's balancing test, it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value." *U.S. v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (emphasis in original). In engaging in the requisite balancing, the district court must "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Id.*

For these reasons, depending upon the nature of the evidentiary issue presented in a pretrial motion *in limine*, the court must also assess whether a ruling is appropriate in advance of trial or, instead, should be deferred until trial before ruling in order to allow the court's "decision to be better informed by the context, foundation, and relevance of the contested evidence within the

5

framework of trial as a whole." *Burrows v. Wal-Mart Stores E., LP,* 2019 WL 2271166, at *1 (W.D. Okla. May 28, 2019) (deferring ruling on motions *in limine* until trial so that the court's decision would be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole); *see also Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218-19 (D. Kan. 2007) (noting that district court's should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed).

Here, this Court should defer ruling on whether evidence of the prior incidents are unduly prejudicial until it has heard all of the relevant facts and put those facts in context. This is so that the Court's ruling will benefit from the surrounding circumstances better able to weigh the evidence in light of facts, circumstances, admitted evidence, and relevance of the contested evidence.

### III.     CONCLUSION

Wherefore, it is respectfully requested that this Court reserve ruling on Defendant's *Motion* until the evidence is offered at trial and a trial evidentiary objection is made.

RESPECTFULLY SUBMITTED this 23rd day of August 2021.

    /s *Anna Reeves Olson*
Anna Reeves Olson, 6-3692
PARK STREET LAW OFFICE
242 S. Park Street
Casper, Wyoming 82601
(307) 265-3843

Melinda S. McCorkle, License #6-3905
MCCORKLE LAW
P.O. Box 1926
Cheyenne, WY 82003-1926
Phone: (307) 369-1985

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served on the 23rd day of August 2021 to John A Coppede & Loyd Smith via electronic delivery.

    /s *Anna Reeves Olson*

Anna Reeves Olson, 6-3692

### IV.   CONCLUSION

Plaintiff respectfully requests that this Court deny LCSD1's Motion.

RESPECTFULLY SUBMITTED this 12th day of July 2021.

    /s *Melinda S. McCorkle*
Melinda S. McCorkle, License #6-3905
MCCORKLE LAW
P.O. Box 1926
Cheyenne, WY 82003-1926
Phone: (307) 369-1985

Anna Reeves Olson, 6-3692
PARK STREET LAW OFFICE
242 S. Park Street
Casper, Wyoming 82601
(307) 265-3843

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served on the 12th day of July 2021 to John A Coppede & Loyd Smith via electronic delivery.       /s *Anna Reeves Olson*

Anna Reeves Olson, 6-3692